IN RE ZAHORANSKY; SZUHAY ET AL., APPELLANTS, *v.* ZAHORANSKY ET AL., APPELLEES.

(No. 49057—Decided May 13, 1985.)

*John N. Moore,* for appellants.
*William T. Doyle,* for appellees.

KRUPANSKY, J. On April 5, 1984, the Probate Court held a hearing on two separate applications for the appointment of co-guardians for a minor. The two sets of applicants were the maternal and paternal grandparents of Jesse Zahoransky, born April 13, 1982. A court-appointed guardian was made necessary by the slaying of the child's mother by the child's father. The referee conducting the hearing recommended the granting of the application of the maternal grandparents as co-guardians (appellants herein). Although denying the application of the paternal grandparents (appellees herein), he recommended a liberal visitation schedule be granted to the appellees. The maternal grandparents, who had been appointed co-guardians, filed objections to the referee's report concerning the visitation rights of the paternal grandparents. On July 13, 1984, the probate court entered judgment adopting the report and opinion of referee. Appellants filed this timely appeal on August 10, 1984.

The single assignment of error raised by appellants questions the inherent power of the probate court to render a judgment providing for visitation rights in a guardianship proceeding:

"The probate court erred in determining that it had jurisdiction to order visitation for the benefit of third parties, namely the paternal grandparents, over objections of the guardian, appointed by that same court."

The assignment is not well-taken.

The probate court's jurisdiction is statutory. R.C. 2101.24, bestowing jurisdiction, reveals the following language:

"Except as otherwise provided by law, the probate court has jurisdiction:
"* * *
"(D) To appoint and remove guardians and testamentary trustees, direct and control their conduct, and settle their accounts;
"* * *
"Such jurisdiction shall be exclusive in the probate court unless otherwise provided by law.
"The probate court shall have plenary power at law and in equity fully to dispose of any matter properly before the court, unless the power is expressly otherwise limited or denied by statute."

R.C. Chapter 2111 sets forth the statutory provisions regarding guardianship. R.C. 2111.02 provides in pertinent part:

"When found necessary, the probate court on its own motion or on application by any interested party shall appoint * * * a guardian of the person, the estate, or both, of a minor, or incompetent, provided the person for whom the guardian is to be appointed is a resident of the county or has a legal settlement therein and, except in the case of a minor, has had the opportunity to have the assistance of counsel in the proceeding for the appointment of such guardian. * * *"

R.C. 2111.13 sets forth the duties of guardians. R.C. 2111.13(D) clearly directs a guardian:

"To obey all the orders and judgments of the probate court touching the guardianship."

The obvious effect of these statutory provisions is to empower the probate court with jurisdiction in the appointment and control of guardians. R.C. 2111.13(D) specifically extends this jurisdiction to all matters "touching the guardianship." In the case *sub judice,* the order conferring visitation rights

upon the paternal grandparents is clearly an order touching the guardianship of Jesse Zahoransky.

There are, of course, limitations to any court's power. However, an analysis of the applicable statutes reveals visitation orders are clearly within the probate court's jurisdiction in a guardianship proceeding.

R.C. 2111.06 states in part as follows:

"A guardian of the person of a minor shall be appointed as to a minor having neither father nor mother, or whose parents are unsuitable persons to have the *custody* and tuition of such minor, or whose interests, in the opinion of the court, will be promoted thereby. *A guardian of the person shall have the custody* and provide for the maintenance of the ward, and if the ward is a minor, such guardian shall also provide for the education of such ward." (Emphasis added.)

Thus, by statute, the guardianship of the minor involves the custody of the minor. Clearly, custody follows guardianship.

This fact is further enforced by the final paragraph of R.C. 2111.06, which directs as follows:

"Before exercising its jurisdiction to appoint a guardian of a minor, the court shall comply with the jurisdictional standards of sections 3109.21 to 3109.37 of the Revised Code."

R.C. 3109.21 to 3109.37 is the Uniform Child Custody Jurisdiction Law. It is, therefore, evident that R.C. Chapter 2111 specifically recognizes that guardianship of a minor involves custody. This view is supported by both the wording of R.C. 2111.06, 2111.07[1]

and the requirement of compliance with the standards of the Uniform Child Custody Jurisdiction Act.

Since R.C. 2111.06 grants custody to the guardian of the person, the probate court must also logically consider the issue of visitation rights. R.C. 3109.21(B) states in pertinent part:

" 'Custody determination' means a court decision and court orders and instructions providing for the custody of a child, including visitation rights * * *."

Thus, a custody decision involves visitation rights.

The examination of the relevant statutory provisions demonstrated the probate court has broad power in all matters touching guardianship. Moreover, since R.C. 2111.06 grants the guardian custody of the ward, the probate court had jurisdiction to order visitation for the paternal grandparents.

The judgment of the probate court is affirmed.

*Judgment affirmed.*

CORRIGAN, C.J., and MARKUS, J., concur.

---

[1] R.C. 2111.07 states in part:

"Each person appointed guardian of the person and estate of a minor shall have the custody and tuition of his ward and the management of such ward's estate during minority * * *."