Plaintiff's first assignment of error is sustained in part. In his second assignment of error, plaintiff alleges that genuine issues of material fact exist as to his claim against Bishopric. The parties agree that In Motion, Inc. was an independent contractor. Plaintiff maintains that Bishopric exercised control over In Motion, Inc.'s employees because Bishopric designated the cranes to be repaired and the times for the work, its plant manager supervised In Motion, Inc.'s employees, it permitted In Motion, Inc.'s employees to use its lift and tools at their convenience, and it required In Motion, Inc.'s employees to wear hard hats.

Under Ohio law, the owner of premises owes no duty to employees of an independent contractor injured on its premises where the performance of the work involves an inherent danger unless the owner: (1) has superior knowledge of the danger which the independent contractor lacks, *Eicher* v. *United States Steel Corp.* (1987), 32 Ohio St. 3d 248, 512 N.E. 2d 1165, or (2) actually participates in the job operation, *Hirschbach* v. *Cincinnati Gas & Elec. Co.* (1983), 6 Ohio St. 3d 206, 6 OBR 259, 452 N.E. 2d 326.

Plaintiff's evidence fails with respect to both exceptions. First, there is no evidence that Bishopric's knowledge of the danger was greater than the knowledge of In Motion, Inc. As to the second exception, evidence of the premises owner's supervision to assure compliance with job specifications, its concern for safety, and the use of its tools by the independent contractor's employees are not acts that individually or collectively render the premises owner liable on grounds that it directed or interfered with the independent contractor's work. *Cafferkey* v. *Turner Constr. Co.* (1986), 21 Ohio St. 3d 110, 21 OBR 416, 488 N.E. 2d 189. Therefore, the record fails to demonstrate the degree of Bishopric's participation necessary to create a duty to employees of In Motion, Inc., the independent contractor.

The second assignment of error is overruled.

The trial court's judgment is reversed only with respect to the intentional-tort claim asserted against In Motion, Inc., and this cause is remanded to the trial court for further proceedings consistent with law and this decision on that one claim only. In all other respects, the trial court's judgment is affirmed.

*Judgment accordingly.*

Utz, P.J., Hildebrandt and Gorman, JJ., concur.

In re Guardianship of Harrison.

(No. C-880606—Decided
August 9, 1989.)

*Wood & Lamping* and *Jeffrey M. Rollman,* for appellant Michael J. Harmeyer.

*Furer, Moskowitz & Mezibov* and *Beth Silverman,* for appellee Arlene Harrison.

*Per Curiam.* This cause came on to be heard upon an appeal from the Probate Division of the Court of Common Pleas of Hamilton County.

Ryan James Harrison was born to Michael Harmeyer and Arlene Harrison while they were attending college. For financial reasons, Michael's father, James Harmeyer, was appointed guardian of Ryan. Although Michael and Arlene visited Ryan frequently, their relationship with each other failed. Michael moved home, but his parents continued to raise Ryan. Arlene moved to her parents' home in Delaware. She visited Ryan infrequently due to lack of money. Both Michael and Arlene are separately married, and now seek custody of Ryan.

James filed a motion in probate court for termination of the guardianship and restoration of custody. Arlene filed a similar motion. The probate court terminated the guardianship and granted custody of Ryan to Arlene. Michael appealed.

On appeal, Michael raises one assignment of error in which he contends that the trial court improperly awarded custody of Ryan to Arlene after it terminated the guardianship. We agree.

R.C. 2101.24(A)(4) provides the probate court with exclusive jurisdiction to appoint and remove guardians. The probate court also has "plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by statute." R.C. 2101.24(C). The juvenile court, however, has exclusive jurisdiction under R.C. 2151.23(A)(2) to "determine the custody of any child not a ward of another court of this state."

The probate court clearly had jurisdiction to terminate the guardianship of Ryan under R.C. 2101.24(A)(4). The matter of the custody of Ryan, however, was not properly before the probate court. Once the guardianship was terminated, Ryan was no longer a ward of the probate court. The juvenile court then had exclusive jurisdiction to determine the custody of the child under R.C. 2151.23(A)(2). The probate court's plenary power could not, therefore, extend the court's jurisdiction to determine custody once the guardianship had been terminated. Cf. *In re Zahoransky* (1985), 22 Ohio App. 3d 75, 22 OBR 173, 488 N.E. 2d 944 (the probate court has jurisdiction to determine custody of the minor within the guardianship).

The probate court properly terminated the guardianship of Ryan, but had no authority to grant custody of Ryan to Arlene. We, therefore, affirm the judgment of the probate court with respect to the guardianship of Ryan, reverse the judgment with respect to the award of custody to Arlene, and remand this cause for the entry of an order by the probate court denying the custody requests for want of jurisdiction.

*Judgment affirmed in part,
reversed in part
and cause remanded.*

DOAN, P.J., KLUSMEIER and HILDEBRANDT, JJ., concur.