OPINION
This is a timely appeal from a judgment of the Mahoning County Court of Common Pleas, Probate Division, terminating the guardianship of Terry Layshock ("Appellant Layshock") but enjoining her from settling her personal injury claim because the law firm negotiating the claim failed to comply with the dictates of R.C. § 2111.18, which requires prior probate court approval of all settlements entered into on behalf of minors.
According to the probate court, its ruling was controlled by the Ohio Supreme Court's reasoning in In Re: The Guardianship of Jadwisiak
(1992), 64 Ohio St.3d 176. In so finding, the probate court misread theJadwisiak decision. Once the probate court properly terminated Appellant Layshock's guardianship, it lost subject matter jurisdiction over her case and had no authority to enjoin Appellant Layshock from settling or otherwise disposing of her case. Accordingly, as discussed more fully below, while the trial court's termination of Appellant Layshock's guardianship was proper, the court erred in enjoining her from negotiating a settlement of her personal injury claim.
The convoluted history of this case arose out of an automobile accident that occurred on June 6, 1993. Appellant Layshock, Amanda Caro and Julie Miller (additional Appellants in this case), who were all minors at the time, were passengers in an automobile operated by Debra Caro, who is Appellants Layshock and Caro's mother. Julie Miller is apparently a family friend. The record indicates that the Debra Caro vehicle had been stopped in westbound traffic on Salt Springs Road when an uninsured motorist struck it from behind.
The youngsters sustained fairly minor soft tissue injuries in the crash. Miller, who was not seriously injured, received approximately $200.00 shortly afterward from an unidentified insurance company as compensation for any pain and suffering she might have endured. (Report of Investigator Michael Richards, filed Jan. 25, 1999; Trans. Proceedings Feb. 4, 1999, pp. 15-17). Her mother reported that the family did not obtain legal counsel in connection with the accident and, evidently, no one sought approval of the settlement from the probate court.
Debra Caro retained the law firm of Harshman Gervelis (law firm) to negotiate with Metropolitan Property and Casualty Insurance Company (Metropolitan) on behalf of her two daughters. On April 8, 1998, the law firm filed an application to settle Appellant Layshock's claim in the probate division, seeking court approval pursuant to R.C. § 2111.18 of settlement in the amount of $9,461.50. Appellant Caro's settlement, reportedly in the amount of $2,225.00, was not submitted to the probate court for approval.
Although a transcript of the hearing addressing Appellant Layshock's application to settle her claim has not been included in the record, this Court does have before it a written order detailing the magistrate's decision. (Magistrate's Decision and Orders, May 15, 1998). In that order, the Magistrate registered concern that the claims from the 1993 accident had been handled improperly, and appointed a guardian ad litem
(GAL) to investigate the, "entire circumstances surrounding this claim and to report to the Court on her findings." (Magistrate's Decision and Orders, May 15, 1998). In addition, the magistrate joined Metropolitan as a necessary and indispensable party to the case and directed it to submit its complete file on the accident claims to the newly appointed GAL for her review. (Magistrate's Decision and Orders, May 15, 1998).
The GAL eventually filed a report with recommendations addressing the settlements reached for Appellants Layshock and Caro. The GAL concluded that although neither settlement was unreasonable given the nature of the injuries the girls had sustained, the probate court should nevertheless set aside Appellant Caro's settlement because probate court approval had not been sought as R.C. § 2111.18 required. (Report of Guardian ad Litem, Sept. 1, 1998).
In subsequent proceedings, the probate court accepted the GAL's findings and then appointed separate GALs to represent each of the three minors. (See Trans. Proceedings Feb. 4, 1999, pp. 2, 4, 14-16). The probate court stated that it refused to approve any of the settlements reached in this case because they were not "ripe for settlement." The court expressed concern about Appellant Layshock's physical condition in light of her complaints that she still suffered from recurring headaches that could be attributed to the accident. Accordingly, during a hearing on December 17, 1999, the court directed her to submit to an updated medical examination. (Trans. Proceedings Dec. 17, 1999, pp. 24-35; and Feb. 4, 1999, pp. 8, 9).
On April 6, 2000, Appellant Layshock turned eighteen. Thereafter, her GAL asked the probate court to terminate her guardianship given that she had attained her majority. (GAL's Motion to Terminate Guardianship, May 17, 2000). The attorney representing Appellant Layshock in connection with her personal injury claim also sought to terminate guardianship and, further, asked the court to order the release of settlement funds from the 1993 accident then held by Metropolitan. (Motion to Terminate Guardianship, June 15, 2000).
On August 8, 2000, the probate court issued an order granting the motion to terminate Appellant Layshock's guardianship because she had become an adult. However, the court denied the request to release her settlement funds. The probate court also joined Appellant Layshock as a necessary party to the proceedings pending on behalf of the remaining minors and barred any party from paying out or otherwise disposing of the assets set aside for purposes of compensating those injured in the 1993 accident. (Consolidated Judgment Entry, Injunctive and Restraining Orders, August 8, 2000).
Appellants each filed a notice of appeal from that decision on August 31, 2000, raising the following assignment of error:
 "The Mahoning County Probate Court erred when it enjoined Terry Layshock, an adult, from completing a settlement, the proceeds of which were intended to compensate her for injuries she received in an earlier motor vehicle accident."
Appellants maintain that once Appellant Layshock reached her majority and the probate court granted the request to terminate her guardianship, the court lost jurisdiction over any matter pertaining to her. At that point, Appellants argue, the probate court no longer had authority to issue orders affecting her ability to settle her personal injury claim from the 1993 accident. Based on the record and caselaw, we must agree with Appellants' argument.
This Court subjects a challenge to the probate court's subject matter jurisdiction to de novo review. In re: Altomare (January 23, 2001), Columbiana App. No. 99-CO-26, unreported, citing, Vogler v. Donley
(December 16, 1998), Belmont App. No. 97-BA-63, unreported.
The jurisdiction of probate courts is limited to those causes of action allowed by statute and by the Constitution. Corron v. Corron (1988),40 Ohio St.3d 75, 77. The scope of probate court jurisdiction is provided for and restricted under R.C. § 2101.24(C), which states that, "the probate court has plenary power at law and in equity to dispose fully of any matter that is properly before [it], unless the power is expressly otherwise limited or denied by statute." R.C. § 2101.24.
Matters properly before the probate division are enumerated under R.C. § 2101.24 (A)(1). Relevant to the matter before us, R.C. §2101.24(A)(1)(e) grants the probate court authority to appoint and remove guardians, conservators and testamentary trustees; direct and control their conduct; and settle their accounts. Accordingly, the probate court possesses continuing and exclusive jurisdiction over all matters regarding a guardian or ward. In re: Harrison (1989), 60 Ohio App.3d 19, 20.
A guardian is defined under R.C. § 2111.01(A) as, "* * * any person * * * appointed by the probate court to have the care and management of the person, the estate, or both of an incompetent or a minor." A guardian is deemed an officer of the court and the court is treated as the superior guardian. R.C. § 2111.50(A)(1). In re Clendenning
(1945), 145 Ohio St. 82, 93. The guardian is, therefore, bound by all orders of the court which touch on the guardianship. R.C. § 2111.14(D).
Under Ohio law, parents cannot be the legal guardians of their children's personal property and have no power to release a minor's claim once it has arisen. Hewitt v. Smith (Dec. 18, 1998, Lorain App. No. 97CA006987, unreported. R.C. § 2111.18 provides that parents or legal guardians of a minor must obtain the permission of the probate court in order to settle a claim on the minor's behalf. Zivich v. Mentor SoccerClub, Inc. (April 18, 1997), Lake App. No. 95-L-184, unreported; affirmed, Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367.
Specifically, R.C. § 2111.18 authorizes the probate court to appoint a guardian and that, "for any minor entitled to maintain an action and recover for damages for injury, damage or loss * * * the guardian * * * may adjust and settle the claim with the advice, approval, and consent of the probate court." Where, however, the minor's proposed settlement is, "ten thousand dollars or less, the court, upon an application by any person whom the court may authorize to receive and receipt for the settlement, may authorize the settlement without the appointment of a guardian * * *." This provision is intended to protect the interests of the minor from the possible conflicting interest of their parents, who may be motivated by financial concerns. Brewer v.Akron General Medical Center (January 27, 1999), Summit App. C.A. No. 19068, unreported.
Given that the proposed settlements in the instant case amounted to less than ten thousand dollars, it was not necessary for the probate court to appoint guardians to negotiate and settle the claims. Nevertheless, the parties negotiating the claims on behalf of the minors were required to submit proposed settlements to the probate court for approval before the claims could be legally resolved.
The record indicates that neither Appellant Caro nor Appellant Miller submitted their proposed settlements to the court for approval. (Trans. Proceedings: Dec. 17, 1998, p. 5, and Feb. 4, 1999, pp. 15-17). Representatives for the law firm that handled Appellant Caro's claim readily admitted that they routinely settled the smaller claims of minors without probate court approval. (Trans. Proceedings, Dec. 17, 1998 pp. 6-7, 15-23). Such a practice appears to violate the plain language of the statute, and this action or lack of action apparently prompted the probate court in this case to appoint GALs for all three minors.
While the probate court's desire to protect the interests of the minors should be the paramount concern, the failure of the parties to submit proposed settlements to the court does not change the fact that once Appellant Layshock reached her eighteenth birthday, she was no longer subject to probate court jurisdiction. In re Guardianship of Harrison
(1989), 60 Ohio App.3d 19, 20. Further, the legislature has not provided for any extension of probate court jurisdiction in the event of a violation of R.C. § 2111.18 or any other provision of the laws governing actions in the probate division.
When Appellant Layshock turned eighteen, she was no longer a minor subject to the probate court in this matter. In the absence of a finding supported with evidence by the probate court that she was otherwise incompetent, her guardianship terminated as a matter of law. Recognizing the obvious, the probate court granted the motion and terminated her guardianship. At that moment, the probate court lost subject matter jurisdiction over Appellant Layshock and her settlement proceeds. No longer a ward of the probate court, Appellant Layshock has the power and ability as an adult to negotiate and enter into a settlement of her case. R.C. § 3109.01 specifically provides that, "persons of the age of eighteen years or more, who are under no legal disability, are capable of contracting and are of full age for all purposes."
The probate court grounded its ruling on the Ohio Supreme Court's holding in In re: Guardianship of Jadwisiak (1992), 64 Ohio St.3d 176. In the probate court's order enjoining Appellant Layshock, the law firm involved, Metropolitan and any other party from settling or otherwise disposing of Appellant Layshock's personal injury claim, the court offered the following:
 "While the fact that Terry Layshock has attained the age of eighteen (18) may justify a termination of her Guardianship, it will not justify the termination of the Court's jurisdiction over the entire settlement * * * the Court has never finalized its consideration or approval of the settlement of claims related to the accident and injuries to the various parties on June 6, 1993. The unexplained delays in providing the medical evidence required as to Terry Layshock is not sufficient to terminate this Court jurisdiction over the entire claim, and certainly not when there are yet two minors who have unresolved claims as a result of the same accident; Amanda Caro and Julie Miller. Upon the authority of In re: Guardianship of Jadwisiak
(1992), 64 Ohio St.3d 176 and its progeny the Court shall continue to exercise in rem jurisdiction as to the entire claim."
(Consolidated Judgment Entry, Injunctive and Restraining Orders, August 8, 2000).
The probate court has misapplied Jadwisiak to the instant case.Jadwisiak involved a dispute over the division of attorney's fees in a minor's personal injury case. One of the attorneys argued that the probate court had jurisdiction only as to the minor's portion of the settlement, not the attorney's fees in connection with that settlement. The Supreme Court disagreed, holding that in order to maintain control over any personal injury settlement entered into on behalf of a ward under its protection, a probate court has subject matter jurisdiction over the entire amount of settlement funds, including any attorney fees which are drawn from that minor's settlement. Id. at 181. Jadwisiak does not grant jurisdiction to the probate court to retain control of a non-minor's settlement or the resulting attorney fees.
It is apparent that the probate court has read Jadwisiak to confer upon the court control over all settlement proceeds potentially available in any accident where even one of the victims is a minor. This interpretation well exceeds the Supreme Court's holding in Jadwisiak and the limited statutory jurisdiction of the probate court.
Jadwisiak involved the apportionment of attorney's fees from the claim of a single minor. The instant case, by contrast, now involves three separate claims of one adult and two minors. Based on the record this Court has before it, the personal injury claims at issue here are separate and distinct from each other and settlement of one claim is not dependent on settlement of all of these claims. There is no reason to believe that the settlement Appellant Layshock receives can impact or diminish the remaining claims of Appellants Caro and Miller. Accordingly, any concern the probate court may have to this effect is not justified by the record.
When the probate court terminated Appellant Layshock's guardianship, she was no longer a ward of the probate court. The probate court's plenary power did not extend the court's jurisdiction over Appellant Layshock's settlement once the guardianship was terminated. In reAltomare, supra.
Accordingly, trial court's judgment entered on April 8, 2000, is affirmed in part, reversed in part and remanded to the trial court for further proceedings as to Appellants Caro and Miller according to law and consistent with this Court's opinion.
Donofrio, J., concurs.
Vukovich, P.J., concurs.