DECISION
{¶ 1} Appellant, Jeffrey J. Hoke, appeals from the November 18, 2002 decision of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, dismissing appellant's motion for visitation rights with his daughter, Brookelyn L. Hoke.
 {¶ 2} The following facts do not appear to be disputed by either party and were obtained from the briefs filed by the parties in the present case and from decisions in companion cases. On April 14, 1999, appellant's wife, Jennifer Hoke, filed a complaint for divorce in which she sought custody of Brookelyn. An initial hearing was set for May 10, 1999 in the Franklin County Domestic Relations Court. On May 7, 1999, appellant stabbed his wife to death, a crime for which he was subsequently convicted of murder in the Knox County Court of Common Pleas. His conviction was affirmed on appeal. State v. Hoke (July 17, 2000), Knox App. No. 99-CA-19. On May 11, 1999, Jennifer Hoke's complaint for divorce and custody was properly dismissed before the domestic relations court had exercised jurisdiction and before appellant had filed any pleadings in the matter. On May 21, 1999, appellees Lisa and Michael Steele, maternal grandparents of Brookelyn, filed for guardianship of Brookelyn in the Probate Division of the Franklin County Court of Common Pleas. On June 17, 1999, the probate court granted guardianship of Brookelyn to Lisa and Michael Steele.
 {¶ 3} While incarcerated, appellant has since the award of guardianship, initiated several actions in both probate and juvenile court seeking visitation with his daughter and, most recently, unsuccessfully, opposing an application by appellees to change Brookelyn's name from Hoke to Steele. The probate court's order approving the name change was the subject of an appeal to this court in which we affirmed. In re Hoke, Franklin App. No. 02AP-1159, 2003-Ohio-2329.
 {¶ 4} Appellant initiated the present action with a motion for visitation filed on October 16, 2002 in the Franklin County Juvenile Court. A magistrate heard the matter and rendered a decision recommending that the motion be dismissed for lack of jurisdiction, the probate court having taken prior jurisdiction of such questions when it ruled on the guardianship. No objections were filed to the magistrate's decision, and the juvenile court adopted it by decision and entry on November 18, 2002. Appellant filed a timely appeal to this court assigning the following error:
The Juvenile Court committed prejudicial reversible error and deprived appellant due process in violation of Art. 1 section 16 of the Ohio Constitution and appellant was deprieved [sic] due process as guaranteed by the United States Constitution. To effect appellant was deprieved [sic] procedural and due process at all stages due to the tragic events of May 7, 1999. Along with the Juvenile Court who was the exclusive Court of Brookelyn L. Hoke.
 {¶ 5} Initially we note that in the present case no objections were filed in the juvenile court to the magistrate's decision. Objections to a magistrate's decision are governed by Civ.R. 53(E). Most pertinently, "[a] party shall not assign as error on appeal * * * any finding of fact or conclusion of law [rendered by a magistrate] unless the party has objected to that finding or conclusion under this rule." Civ.R. 53(E)(3)(b). Appellant is, accordingly, barred by waiver from raising his issues upon appeal, absent "an error of law or other defect on the face of the magistrate's decision." Group One Realty, Inc. v. Dixie Internatl. Co. (1998), 125 Ohio App.3d 767. However, the present appeal involves questions of subject matter jurisdiction which, if waived, would by his theory, deprive appellant of any forum in which to seek to defend his right to seek visitation. We accordingly are led to err, if we do so, on the side of caution and determine that, in the interests of judicial economy and concern for appellant's due process rights, any error regarding jurisdiction is likely to appear "on the face of the magistrate's decision," and thus allow us to address some aspects of the substance of this appeal.
 {¶ 6} Appellant argues that he has been deprived of his right to due process in parentage matters by the juvenile court's failure to exercise jurisdiction over his motion for visitation. Appellant asserts that the juvenile court is, by statute, the proper forum in which he may seek visitation and that, if the juvenile court refuses to hear his motion, it is tantamount to a foreclosure of any possible visitation award. We find no basis for this claim. For the reasons that follow, we find that the probate court has proper jurisdiction concerning the guardianship of Brookelyn and thus has plenary powers over the guardianship of Brookelyn that include the ability to decide visitation rights concerning her. Appellant's motion for visitation could more properly have been brought in the probate court, and it was not error for the juvenile court to decline to exercise jurisdiction that was certain to conflict with that already vested in another court.
 {¶ 7} As stated above, on April 14, 1999, Jennifer Hoke filed a complaint for divorce in domestic relations court. Before the matter had proceeded beyond this initial filing, Jennifer Hoke was murdered. On May 11, 1999, the domestic relations court dismissed the divorce action. No action had been taken addressing custody of Brookelyn, nor, in fact, any other aspect of the matter. There was accordingly no obstacle to the probate court exercising its lawful jurisdiction over this matter when Lisa and Michael Steele duly applied for guardianship in the probate court under R.C. 2111.02, which states in pertinent part:
When found necessary, the probate court on its own motion or on application by any interested party shall appoint * * * a guardian of the person, the estate, or both, of a minor or incompetent, provided the person for whom the guardian is to be appointed is a resident of the county or has a legal settlement in the county and, except in the case of a minor, has had the opportunity to have the assistance of counsel in the proceeding for the appointment of such guardian.
 {¶ 8} "The probate court has plenary power at law and in equity to dispose fully of any matter that is properly before the court unless the power is expressly otherwise limited or denied by a section of the Revised Code." R.C. 2101.24(C). The probate court has continuing and exclusive jurisdiction of all matters pertaining to a guardian and its ward. In re Clendenning (1945), 145 Ohio St. 82. "The state's interest in the guardianship is effectuated by the extension of the probate court's jurisdiction to all matters `touching the guardianship.'" In re Guardianship of Jadwisiak (1992), 64 Ohio St.3d 176, 180, citing R.C.2111.13(A); see, also, In re Rauscher (1987), 40 Ohio App.3d 106; Caudill v. Caudill (1986), 29 Ohio App.3d 51.
 {¶ 9} It has been repeatedly held that the adjudication of visitation rights falls within the range of matters "touching the guardianship." See, e.g., In re Zahoransky (1985), 22 Ohio App.3d 75,76; In re Guardianship of Constable (June 12, 2000), Clermont App. No. CA99-05-039; In re Guardianship of Louis Raymond Smith (Jan. 31, 1991), Jackson App. No. 628. While courts have sometimes noted that some exercise of concurrent jurisdiction by juvenile and probate courts may be called for due to the complex interaction, for example, between newly initiated adoption proceedings in probate court and ongoing proceedings in domestic relations court, In re Adoption of Reams (1989),52 Ohio App.3d 52, concerns raised in such cases are not present in the case before us because there is no pending litigation in the domestic relations court.
 {¶ 10} The rationale for allowing the probate court to address visitation issues pertaining to a guardianship was best developed in Zahoransky, in which appointment of a guardian was made necessary by the slaying of the child's parents. On appeal, the maternal grandparents contended that the probate court erred in determining that it had jurisdiction to order visitation for the benefit of the paternal grandparents. The court ruled that subject to statutory authority the probate court has "broad power in all matters touching guardianship." Id. at 77. The court based its reasoning on applicable statutes, including R.C. 2111.06:
A guardian of the person of a minor shall be appointed as to a minor having neither father nor mother, or whose parents are unsuitable persons to have the custody and tuition of such minor, or whose interests, in the opinion of the court, will be promoted thereby. A guardian of the person shall have the custody and provide for the maintenance of the ward, and if the ward is a minor, such guardian shall also provide for the education of such ward.
 {¶ 11} The court then noted that R.C. 3109.21(B) provides that a "parental determination" is defined as "a court decision and court orders and instructions that, in relation to the parents of a child, allocates parental rights and responsibilities for the care of the child * * * provides for the custody of a child, including visitation rights." Thus, since the probate court has the power to determine custody pursuant to R.C. 2111.06, it also has the power to determine visitation rights. Zahoransky at 77.
 {¶ 12} In accordance with the above authority, we find that the Franklin County Probate Court has exercised jurisdiction in the present matter, and has the authority to provide or deny visitation rights for appellant. Appellant has not been denied a forum to hear his motion for visitation, and the juvenile court did not err by dismissing appellant's motion for visitation. Appellant's assignment of error is not well-taken and is overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is affirmed.
Judgment affirmed.
BOWMAN and KLATT, JJ., concur.
DESHLER, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.