[Cite as *Carney v. Olmsted Operator, L.L.C.*, 2022-Ohio-1585.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JAMES M. CARNEY, JR.,                    :

      Plaintiff-Appellant,             :

                                No. 110427

      v.                                :

OLMSTED OPERATOR, L.L.C.,                :
D.B.A. SYMPHONY AT OLMSTED,
ET AL.,                                  :

      Defendants-Appellees.            :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 12, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-940080

---

### *Appearances:*

Winter | Trimacco, Co., L.P.A., and Richard C. Alkire; BCS
Law Offices and Brian Salvagni, *for appellant.*

Bonezzi Switzer Polito & Hupp, Co., L.P.A., Bret C. Perry
and Christopher F. Mars, *for appellees.*

SEAN C. GALLAGHER, A.J.:

{¶ 1} Elizabeth Goodwin ("Appellant" or "Goodwin"), who is the guardian

of the person and estate of James M. Carney, Jr. ("Carney"), appeals from the

Cuyahoga County Common Pleas Court, General Division's ("the common pleas

court") dismissal of this case "for lack of subject matter jurisdiction in accordance with Civ.R. 12(H)(3)." Upon review, we affirm the judgment of the trial court.

## I. Facts and Procedural History

{¶ 2} In January 2020, Carney became a resident of Symphony at Olmsted Falls ("Symphony"), which is a residential care facility that provides assisted living and nursing home services. Several months earlier, Carney had executed a durable power of attorney appointing his son, James M. Carney III ("Jamie"), as his attorney-in-fact. After Carney was admitted to a psychiatric unit, his cousins, Joseph D. Carney ("Joseph") and Jeanne Carney Hagan ("Jeanne"), allegedly presented Carney with a limited power of attorney nominating Jeanne as his limited attorney-in-fact, with Joseph notarizing the document.

{¶ 3} On February 12, 2020, Jamie initiated guardianship proceedings in the Cuyahoga County Common Pleas Court, Probate Division ("the probate court"). *See The Guardianship of James M. Carney, Jr.*, Cuyahoga P.C. No. 2020GRD250356 (Feb. 14, 2020). Jamie and Jeanne each applied for guardianship. Joseph sought leave to intervene and made a request to become a party in interest to the guardianship case. The probate court denied Joseph's motion to intervene and disqualified Joseph, who is an attorney, as counsel for Carney. The probate court recognized Joseph's "concern for visitation with [Carney] will be addressed in the [guardianship] proceeding" and specifically ordered that "all motions relating to the Nomination of Guardian or visitation are passed to final hearing" in the probate court.

{¶ 4} Thereafter, on November 9, 2020, Carney filed a complaint against Symphony[1] in the common pleas court alleging violations of R.C. 3721.13, which is Ohio's nursing home residents' rights statute; civil conspiracy; and tortious interference with professional relationship. The complaint also requested a "declaratory judgment that [Symphony's] conduct has been in violation of law." At the time the action was filed in the common pleas court, the guardianship case was still pending in the probate court.

{¶ 5} The gist of Carney's complaint in the common pleas court is that Symphony engaged in "denials of visitation." The complaint alleges, among other allegations, that Carney was denied visitation with Joseph and Jeanne while he was a resident of Symphony, that Carney was denied his right to be taken to Catholic mass by Jeanne, that other denials of visitation occurred, and that Symphony's employees positioned themselves to eavesdrop during private visits.

{¶ 6} On March 16, 2021, the common pleas court dismissed Carney's complaint for lack of subject-matter jurisdiction under Civ.R. 12(H)(3). Although the journal entry does not speak to the court's reasoning, Symphony's motion to dismiss states that Carney's "guardianship, competency, and visitation are currently matters pending in the * * * Probate Court, [which] has exclusive jurisdiction over matters properly before it." On April 13, 2021, Carney filed a notice of appeal concerning this dismissal.

---

[1] The defendants in the case at hand are Olmsted Operator, L.L.C., d.b.a. Symphony at Olmsted Falls, and Chrissy Grude, who is Symphony's director.

{¶ 7} On October 6, 2021, the probate court declared Carney incompetent, and on October 12, 2021, Goodwin was appointed as Carney's guardian. On November 2, 2021, Goodwin was substituted for Carney as a party to the instant appeal.

## II. Assignment of Error

{¶ 8} Appellant assigns one error for our review:

> The General Division of the Cuyahoga County Court of Common Pleas erroneously expanded the jurisdiction of the Probate Division and abandoned the presumption of competency when it dismissed [Carney's] Complaint for lack of subject matter jurisdiction simply because [Carney] is the subject of a pending guardianship action; the General Division not the Probate Division has exclusive jurisdiction over statutory and tort claims that arise before an order of guardianship issues.

{¶ 9} Prior to beginning our analysis of this case, we note that the common pleas court did not "expand the jurisdiction of the Probate [Court]" as Appellant suggests in the assignment of error. Rather, the common pleas court dismissed Carney's complaint for lack of subject-matter jurisdiction. Whether this dismissal amounted to error is the only issue properly before us on appeal.

## III. Law and Analysis.

### A. Subject-Matter Jurisdiction Standard of Review

{¶ 10} We review a dismissal for lack of subject-matter jurisdiction de novo. *State ex rel. Duncan v. Am. Transm. Sys.*, Slip Opinion No. 2022-Ohio-323, ¶ 6, citing *State ex rel. Ohio Civ. Serv. Emps. Assn. v. State*, 146 Ohio St.3d 315, 2016-

Ohio-478, 56 N.E.3d 913, ¶ 12.[2]  In conducting our review, we must consider "whether the complaint raises any cause of action cognizable by the forum." *State ex rel. Ohio Civ. Serv. Emps. Assn.* at ¶ 12, citing *Groza-Vance v. Vance*, 162 Ohio App.3d 510, 2005-Ohio-3815, 834 N.E.2d 15, ¶ 13 (10th Dist.).

### B.    Common Pleas Court Jurisdiction

{¶ 11}  "The common pleas courts are courts of general jurisdiction; with narrow exceptions, R.C. 2305.01 grants the courts of common pleas subject-matter jurisdiction over 'all civil cases in which the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts.'"  *Ostanek v. Ostanek*, 166 Ohio St.3d 1, 2021-Ohio-2319, 181 N.E.3d 1162, ¶ 26, quoting R.C. 2305.01.  However, "the General Assembly's power to define the common pleas court's subject-matter jurisdiction includes the power to deny it altogether."  *Id.* at ¶ 29.  The Supreme Court of Ohio has explained:

> [W]hen a court of common pleas lacks subject-matter jurisdiction, "it is almost always because a statute *explicitly removed* that jurisdiction." (Emphasis added.) [*Ohio High School Athletic Assn. v. Ruehlman*, 157 Ohio St.3d 296, 2019-Ohio-2845, 136 N.E.3d 436].  Generally, this occurs when the General Assembly confers exclusive jurisdiction over a specific subject matter on a particular tribunal, office, or agency.

*Ostanek* at ¶ 29.

---

[2] Symphony's motion to dismiss for lack of subject-matter jurisdiction, as well as the common pleas court's journal entry granting this motion, is based on Civ.R. 12(H)(3), which states that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."  Civ.R. 12(H)(3) stands for the proposition that "[b]ecause subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time."  *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11.  Dismissals for lack of subject-matter jurisdiction are governed by Civ.R. 12(B)(1), and it is under this standard that we review the instant case.

## C. Probate Court Jurisdiction

{¶ 12} "[P]robate courts are courts of limited jurisdiction and are permitted to exercise only the authority granted to them by statute and by the Ohio Constitution." *In re Guardianship of Hollins*, 114 Ohio St.3d 434, 2007-Ohio-4555, 872 N.E.2d 1214, ¶ 11, citing *Corron v. Corron*, 40 Ohio St.3d 75, 77, 531 N.E.2d 708 (1988).  R.C. 2101.24 sets forth the jurisdiction of the probate court.  Relevant to this case, R.C. 2101.24(A) provides:

> Except as otherwise provided by law, the probate court has exclusive jurisdiction:
>
> * * *
>
> (e) To appoint and remove guardians * * * and settle their accounts;
>
> * * *
>
> (g) To make inquests respecting persons who are so mentally impaired * * * that they are unable to manage their property and affairs effectively, subject to guardianship;
>
> * * *
>
> (r) To act for and issue orders regarding wards pursuant to section 2111.50 of the Revised Code[.]

Pursuant to R.C. 2101.24(C), "[t]he probate court has plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by a section of the Revised Code."

{¶ 13} The probate court's jurisdiction is extended "to all matters 'touching the guardianship.'" *In re Guardianship of Jadwisiak*, 64 Ohio St.3d 176, 180, 593 N.E.2d 1379 (1992), quoting *In re Zahoransky*, 22 Ohio App.3d 75, 76, 488 N.E.2d 944 (1985). "In addition to the general grant of jurisdiction found in R.C. 2101.24, probate courts are granted authority over guardians in all respects. [Pursuant to R.C. 2111.50,] [t]he probate courts serve as superior guardians, with the ultimate authority to approve and direct the actions of guardians subject to their jurisdiction." *Hollins* at ¶ 17. "[V]isitation orders are clearly within the probate court's jurisdiction in a guardianship proceeding[,]" and an order conferring visitation rights is "an order touching the guardianship of [the ward]." *Zahoransky* at 76-77.

## D. Analysis

{¶ 14} At the time the complaint was filed in this action, contentious guardianship proceedings were pending in the probate court. Jamie and Jeanne each had applied for guardianship, and the probate court had denied a motion to intervene that was filed by Joseph and disqualified Joseph as counsel for Carney. The probate court recognized there were interests in visitation involved in the probate case and specifically ordered that "all motions relating to the Nomination of Guardian or visitation are passed to final hearing" in the probate court. The probate court's order disqualifying Joseph from representing Carney in the guardianship

proceedings was affirmed by this court in *In re Carney*, 8th Dist. Cuyahoga No. 110034, 2021-Ohio-1819.[3]

{¶ 15} Following the probate court's ruling, this action was filed in the common pleas court. A review of the complaint reflects that the claims in this action pertain to Carney's visitation rights while a resident of Symphony.

{¶ 16} The probate court has exclusive jurisdiction over all matters touching the guardianship, including visitation matters. *In re Guardianship of Gelsinger*, 8th Dist. Cuyahoga No. 108479, 2019-Ohio-4584, ¶ 26-28. "'The probate court, as the "superior guardian," is the ultimate arbiter of whether it is in the best interest of a ward for an individual to have visitation.'" *Id*. at ¶ 17, quoting *Guardianship of Basista*, 11th Dist. Geauga No. 2015-G-0012, 2015-Ohio-3730, ¶ 13; *see also In re Guardianship of Bakhtiar*, 9th Dist. Lorain No. 16CA011029, 2017-Ohio-8617, ¶ 9.

{¶ 17} It is apparent that all of the claims raised in the complaint involve visitation rights that touch upon the guardianship. That the claims are raised in terms of Symphony's conduct and request money damages from Symphony does not take the matter out of the jurisdiction of the probate court. Nor does the fact that an order appointing a guardian was not yet issued when the instant complaint was filed.[4] As argued by appellees, the probate court effectuated its jurisdiction over

---

[3] This court observed that "[t]hroughout the guardianship proceedings, Joseph endeavored to obtain [Carney's] medical records and other discovery to defend his professional reputation" and that "the probate court reasonably concluded that Joseph's personal interest in exoneration would limit his ability to effectively represent [Carney's] interests in the guardianship proceeding." *Id*. at ¶ 37-38.

[4] We note that *In re Hoke*, 10th Dist. Franklin No. 02AP-1398, 2003-Ohio-4704, which is cited by Appellant, does not hold otherwise and instead determined that a

Carney's visitation rights, which was one of the central disputes at issue in the guardianship proceedings.

{¶ 18} Appellant's sole assignment of error is overruled.

{¶ 19} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

ANITA LASTER MAYS, J., CONCURS;
LISA B. FORBES, J., DISSENTS WITH SEPARATE OPINION

LISA B. FORBES, J., DISSENTING WITH SEPARATE OPINION:

{¶ 20} I respectfully dissent from the majority opinion and would instead find that the general division of the common pleas court ("common pleas court") erred when it dismissed the complaint in the instant case for lack of subject-matter jurisdiction.

{¶ 21} The common pleas court has subject-matter jurisdiction to review Carney's complaint against Olmsted Operator, L.L.C., d.b.a. Symphony at Olmsted

---

probate court had the authority to provide or deny visitation rights, which fell within the range of matters "touching the guardianship." *Id*. at ¶ 9, 12.

Falls and Chrissy Grude (collectively "Symphony") seeking damages for violations of Ohio's nursing home residents' rights statute, civil conspiracy, and tortious interference with professional relationship and requesting a declaratory judgment that Symphony's conduct violated the law. This complaint was filed 11 months before a guardian was appointed and was dismissed seven months before a guardian was appointed.

{¶ 22} As noted by the majority opinion, common pleas courts are courts of general jurisdiction. The common pleas court lacks subject-matter jurisdiction when a statute confers exclusive jurisdiction to a particular tribunal, office, or agency. *Ostanek v. Ostanek*, 166 Ohio St.3d 1, 2021-Ohio-2319, 181 N.E.3d 1162, ¶ 29.

{¶ 23} In contrast, and again as recognized by the majority opinion, "[t]he probate court is a court of limited jurisdiction; it can exercise just such powers as are conferred on it by statute and the constitution of the state." *Sosnoswsky v. Koscianski*, 2018-Ohio-3045, 118 N.E.3d 403, ¶ 9 (8th Dist.). Pursuant to R.C. 2101.24(A)(1)(e), the probate court has exclusive jurisdiction "[t]o appoint and remove guardians * * * and settle their accounts * * *." Furthermore, under R.C. 2101.24(A)(1)(g), the probate court has exclusive jurisdiction "[t]o make inquests respecting persons who are so mentally impaired * * * that they are unable to manage their property and affairs effectively, subject to guardianship * * *."

{¶ 24} This court has held that "the probate court has continuing and exclusive jurisdiction of all matters pertaining to a guardian and its ward. * * * The

probate court's jurisdiction over the guardianship is extended to all matters 'touching the guardianship.'" *Goff v. Ameritrust Co., N.A.,* 8th Dist. Cuyahoga Nos. 65196 and 66016, 1994 Ohio App. LEXIS 1916 (May 5, 1994). For example, probate courts can award money damages for "claims based upon the conduct of a guardian." *Rheinhold v. Reichek*, 8th Dist. Cuyahoga No. 99973, 2014-Ohio-31, ¶ 12. Additionally, probate courts have subject-matter jurisdiction over guardianship funds. *See In re Guardianship of Siman*, 2020-Ohio-4472, 158 N.E.3d 955, ¶ 11 (8th Dist.).

{¶ 25} After a guardian has been appointed, the probate court has authority to issue orders directing that guardian to provide or deny visitation of a ward. *See, e.g., In re Zahoransky*, 22 Ohio App.3d 75, 76, 488 N.E.2d 944 (8th Dist.1985); *In re Hoke,* 10th Dist. Franklin No. 02AP-1398, 2003-Ohio-4704 (after the probate court appointed a guardian over a minor child, the juvenile court properly dismissed a motion for visitation for lack of jurisdiction where the guardian appointed by the probate court necessarily had physical custody over the minor child).

{¶ 26} However, the probate court does not have exclusive jurisdiction to hear every case in which a guardian is involved. For example, the probate court did not have exclusive jurisdiction over allegations against a ward of a guardianship where the claims of wrongdoing related to the ward's conduct before the guardianship was established. *Sosnoswsky*, 2018-Ohio-3045, 118 N.E.3d 403, at ¶ 22.

{¶ 27} Similarly, the probate court lacked subject-matter jurisdiction to determine what assets were marital assets where a husband filed for divorce a year after the wife was declared incompetent and a guardian was appointed over her person and estate. *Friedman v. Friedman,* 9th Dist. Summit Nos. 14357 and 14358, 1990 Ohio App. LEXIS 1598, 8-9 (Apr. 25, 1990). In *Friedman*, the guardian argued the probate court should hear the question of whether trust assets were marital assets subject to a property division. The Ninth District Court of Appeals disagreed, holding, "The appointment by the probate court of a guardian of an incompetent person will not interfere with the jurisdiction of the court of common pleas in a pending divorce action over the assets of the marriage." *Id*. at 6.

{¶ 28} In the case at hand, the claims brought by Carney against Symphony, which allege statutory rights and torts, and seek damages and a declaratory judgment, have nothing to do with the guardianship case. The allegations concern Symphony's conduct and request money damages from Symphony. Carney's conduct (as the ward), appellant's conduct (as the guardian),[5] and guardianship funds are not at issue in this case.

{¶ 29} The simple fact that a question regarding visitation between Carney and certain family members was raised during the guardianship proceedings has no bearing on whether the common pleas court had subject-matter jurisdiction over

---

[5] The probate court declared Carney incompetent on October 6, 2021, and appointed a guardian on October 12, 2021. The guardian was substituted into the appeal as appellant on November 2, 2021.

the statutory rights, torts, and equitable claims raised in the complaint that was dismissed in the matter at hand.

{¶ 30} In contrast to this case, *Rowan v. McLaughlin*, 8th Dist. Cuyahoga No. 85665, 2005-Ohio-3473, offers an example of a case properly heard in the probate court. In *Rowan*, the son of a ward filed a complaint in common pleas court against the ward's guardian alleging "various civil claims, including negligence, intentional infliction of emotional distress, and slander, arising out of [the guardian's] fiduciary relationship with the ward." *Id.* at ¶ 4. The common pleas court dismissed the action based on the probate court having exclusive jurisdiction over the matter. *Id.* This court affirmed, finding that because the "claims pertained to [the guardian's] conduct in his capacity as a guardian, we agree with the common pleas court that it lacked subject matter jurisdiction. The probate court has exclusive jurisdiction over the claims pertaining to [the guardian] and the ward." *Id.* at ¶ 11.

{¶ 31} Unlike *Rowan*, at the time Carney filed his complaint against Symphony, no guardianship had been established and, importantly, the alleged "bad actor" in the case at hand is not a party to the guardianship case. In other words, the matter at issue, which centers around Symphony's conduct, is not a matter "touching the guardianship." The probate court does not have exclusive jurisdiction to hear this case.

{¶ 32} Accordingly, I would find that the common pleas court erred when it dismissed appellant's complaint for lack of subject-matter jurisdiction.