[Cite as *Wright v. Ohio Dept. of Job & Family Servs.*, 2022-Ohio-1046.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

DANIEL K. WRIGHT, III

    Appellee

    v.

OHIO DEPARTMENT OF JOB AND
FAMILY SERVICES

    Appellant

C.A. No.    30023

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2020-01-0104

DECISION AND JOURNAL ENTRY

Dated: March 30, 2022

HENSAL, Presiding Judge.

**{¶1}** The Ohio Department of Job and Family Services ("ODJFS") appeals from the judgment of the Summit County Court of Common Pleas, awarding attorney's fees to Daniel K. Wright, III. This Court reverses.

I.

**{¶2}** This appeal involves the trial court's grant of attorney's fees to Mr. Wright pursuant to Revised Code Section 2335.39 in connection with his appeal of the ODJFS's decision to the trial court under Section 5101.35. The first issue before this Court is whether the trial court erred by finding that Section 2335.39 permits an award of attorney's fees in this case. If it does, then the second issue before this Court is whether the trial court otherwise erred by awarding attorney's fees to Mr. Wright. We find the first issue to be dispositive and will not address the second issue.

**{¶3}** The salient facts underlying this appeal are not in dispute. Mr. Wright suffers from cerebral palsy and receives services from the Summit County Board of Developmental Disabilities ("CBDD"). He is enrolled in the Individual Options waiver.

**{¶4}** Mr. Wright uses a wheelchair for mobility, requiring the use of a wheelchair-accessible van to transport him to medical appointments and swimming pools for medically required aquatic therapy. When Mr. Wright's 2006 Toyota Sienna BraunAbility conversion van went into disrepair, he found a 2019 Chrysler Pacifica that had been converted by BraunAbility. The purchase price was $61,789, and Mr. Wright requested that his Medicaid waiver services pay for three of the modifications to the van that rendered it wheelchair accessible, which totaled $32,190.

**{¶5}** In response, the CBDD provided quotes for modifications to two other vans that cost less. Mr. Wright rejected those proposals because they included rear-entry ramps, as opposed to a side-entry ramp, and Mr. Wright had severe anxiety from past experiences with rear-entry ramps due to the angle of the ramps, the inability to affix the straps, and the dangers of cross traffic.

**{¶6}** The CBDD then denied Mr. Wright's request for $32,190, citing the fact that his request was not the least costly alternative. Mr. Wright requested a state hearing to challenge the denial of his request. The state hearing officer affirmed the denial of Mr. Wright's request. Mr. Wright then appealed that decision to the director of the ODJFS under Section 5101.35(C). The ODJFS hearing officer affirmed the decision of the state hearing officer. Mr. Wright then appealed the matter to the Summit County Court of Common Pleas under Section 5101.35(E).

**{¶7}** The trial court reversed, concluding that Mr. Wright was entitled to reimbursement for the three modifications to the 2019 Chrysler Pacifica BraunAbility van as originally requested.

At the end of its decision, it indicated that it would "withhold final judgement pending [Mr. Wright's] decision concerning attorney fees in accordance with R.C. 2335.39(B)(1)."

{¶8} Following the trial court's decision, Mr. Wright filed a motion for attorney's fees under Section 2335.39(B)(1). In it, he asserted that he incurred $10,785.45 in fees during the administrative portion of the appeal, and $16,950.00 in fees during his appeal to the trial court, totaling $27,735.45. The ODJFS responded in opposition, primarily arguing that Section 2335.39 does not apply to administrative appeals taken under Section 5101.35. The trial court ultimately granted Mr. Wright's request for attorney's fees and awarded him $27,735.45.

{¶9} In reaching its decision, the trial court addressed the ODJFS's argument that Section 2335.39 does not apply to administrative appeals taken under Section 5101.35. It acknowledged that appeals under Section 5101.35(E) are governed by Section 119.12, and that Section 2335.39(F) specifically provides that it does not apply to appeals under Section 119.12 that involve an administrative appeal decision made under Section 5101.35. The trial court acknowledged that, at first blush, this seemed to preclude Mr. Wright from receiving attorney's fees.

{¶10} The trial court then addressed the First District's decision in *Haghighi v. Moody*, 152 Ohio App.3d 600, 2003-Ohio-2203 (1st Dist.). There, Mr. Haghighi's eligibility for certain state benefits was not in dispute. *Id.* at ¶ 3, 13. Notwithstanding, an agency hearing was held on an issue that was ultimately determined to be unrelated to Mr. Haghighi's eligibility for benefits. *Id.* at ¶ 13-14. Mr. Haghighi requested attorney's fees in connection with that hearing, which the trial court denied, citing Section 119.092(F)(2). That section precludes a prevailing party from receiving attorney's fees in connection with an eligibility hearing. R.C. 119.092(F)(2). The First District reversed the trial court's decision on the basis that the agency hearing was

unrelated to Mr. Haghighi's eligibility for benefits and, therefore, his request for attorney's fees was not precluded under Section 119.092(F). *Id.* at ¶ 14, 16.

{¶11} Here, the trial court found *Haghighi* to be persuasive. In doing so, it acknowledged that Sections 119.092 and 2335.39(F)(3)(a), which were at issue in *Haghighi*,[1] were not directly applicable to this case. Nevertheless, it concluded that, like *Haghighi*, Mr. Wright's eligibility for benefits (i.e., a wheelchair-accessible van) was not in dispute. The trial court explained that the sole issue in dispute was the appropriate level of expense. It then described the ODJFS's response to Mr. Wright's request as "unsupported and oppressive[,]" and lacking a "broader focus from the outset[.]" Without further legal analysis, it concluded that Section 2335.39(F)(3)(c) did not preclude an award of attorney's fees.

{¶12} The trial court then addressed the criteria for awarding attorney's fees under Section 2335.39(B)(2) and determined that Mr. Wright met those criteria. Accordingly, it awarded him attorney's fees in the amount of $27,735.45. The ODJFS now appeals, raising one assignment of error for this Court's review.

ASSIGNMENT OF ERROR

THE LOWER COURT ERRED IN AWARDING MR. WRIGHT ATTORNEY FEES.

{¶13} In its assignment of error, the ODJFS argues that the trial court erred by awarding Mr. Wright attorney's fees because Section 2335.39(F)(3)(c) expressly provides that attorney's fees are not available in appeals under Section 119.12 that involve administrative appeal decisions under Section 5101.35. It argues that the trial court's reliance on *Haghighi* was misplaced because,

---

[1] At the time *Haghighi* was decided, the relevant language was contained in Section 2335.39(F). *See Haghighi*, 2003-Ohio-2203, at ¶ 11 (quoting the former version of Section 2335.39). About four months later, the statute was amended. The relevant language is now contained in Section 2335.39(F)(3)(a).

after that case was decided, Section 2335.39 was amended and now expressly states that attorney's fees are not available in appeals under Section 119.12 that involve decisions made under Section 5101.35. The ODJFS further argues that, even if attorney's fees were available under the statute, the trial court erred by awarding them in this case because Mr. Wright did not satisfy the criteria under Section 2335.39.

{¶14} "This Court reviews the trial court's interpretation of a statute as a matter of law under a de novo standard of review." *In re A.W.*, 9th Dist. Summit Nos. 29888, 29900, 2021-Ohio-2095, ¶ 13, quoting *Sliwinski v. Village at St. Edward*, 9th Dist. Summit No. 24967, 2010-Ohio-3006, ¶ 11. "A primary rule of statutory construction is to apply a statute as it is written when its meaning is unambiguous and definite." *In re J.C.*, 9th Dist. Summit No. 28865, 2018-Ohio-2555, ¶ 13. "A court cannot simply ignore or add words to the statute." *Id.* This appeal requires this Court to review three statutes: Sections 5101.35, 119.12, and 2335.39. We will address each statute in turn.

{¶15} Section 5101.35(E) provides that an appellant may appeal the decision of the director of the ODJFS to the court of common pleas, and that such appeals are governed by Section 119.12. Here, there is no dispute that Mr. Wright filed his appeal to the trial court under Section 5101.35(E).

{¶16} Section 119.12(M) provides that the trial court may affirm, reverse, vacate, or modify an agency's decision, or it may issue its own ruling. That Section also provides that "[t]he court shall award compensation for fees in accordance with section 2335.39 of the Revised Code to a prevailing party, other than an agency, in an appeal filed pursuant to this section." R.C. 119.12(M).

{¶17} Section 2335.39 governs the recovery of attorney's fees by certain prevailing parties. Section 2335.39(F), however, provides that the "provisions of this section do not apply in * * * [a]n appeal pursuant to section 119.12 * * * that involves * * *[a]n administrative appeal decision made under section 5101.35." R.C. 2335.39(F)(3)(c).

{¶18} Though Mr. Wright argues to the contrary, Section 2335.39(F)(3)(c) unambiguously provides that he was not entitled to attorney's fees in connection with his appeal under Section 5101.35. Any argument that *Haghighi* supports a different conclusion is misplaced. As the trial court acknowledged, the statutory sections at issue in *Haghighi* were not directly applicable to this case. Moreover, as the ODFJS points out, Section 5101.35 was amended a few months after *Haghighi* to include subsection (F)(3)(c). That subsection unambiguously provides that a prevailing party is not entitled to attorney's fees in connection with an appeal under Section 5101.35. R.C. 2335.39(F)(3)(c).

{¶19} We acknowledge Mr. Wright's position that the trial court clearly disapproved of the ODJFS's conduct in this case. We also acknowledge his argument that the trial court had inherent authority to grant attorney's fees. But Mr. Wright moved for attorney's fees under Section 2335.39(B)(1), and the trial court granted attorney's fees under that statute. Mr. Wright did not raise the issue of the trial court's inherent authority to grant attorney's fees at the trial court level. As a result, we will not address it for the first time on appeal because doing so would usurp the role of the trial court. *State v. Williamson*, 9th Dist. Summit No. 29935, 2022-Ohio-185, ¶ 31 ("[I]t is well-settled that this Court will not address arguments for the first time on appeal."); *id.* ("This Court acts as a reviewing court and will not usurp the role of the trial court by deciding new issues at the appellate level.").

{¶20} While we are mindful that the result in this case is harsh, we are bound to apply the law as enacted by the legislature. *See Houdek v. ThyssenKrupp Materials N.A., Inc.*, 134 Ohio St.3d 491, 2012-Ohio-5685, ¶ 29 ("The Ohio Constitution vests the General Assembly, not the courts, with the legislative powers of government. Our role, in exercise of the judicial power granted to us by the Constitution, is to interpret and apply the law enacted by the General Assembly, not to rewrite it."). Applying the law, we must conclude that the trial court erred by granting attorney's fees to Mr. Wright under Section 2335.39(B)(1). Consequently, we need not address the ODJFS's remaining arguments. The ODJFS's assignment of error is sustained.

III.

{¶21} The ODJFS's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas awarding attorney's fees is reversed.

Judgment reversed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
SUTTON, J.
CONCUR.

APPEARANCES:

DAVE YOST, Attorney General, and THERESA R. DIRISAMER, Assistant Attorney General, for Appellant.

THOMAS W. COFFEY, Attorney at Law, for Appellee.