[Cite as *Johnson v. Ohio Dept. of Job & Family Servs.*, 2023-Ohio-4629.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| LORI S. JOHNSON | C.A. No. 30246 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| OHIO DEPARTMENT OF JOB AND FAMILY SERVICES | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO CASE No. CV-2020-03-1106 |
| Appellee | |

DECISION AND JOURNAL ENTRY

Dated: December 20, 2023

HENSAL, Judge.

{¶1} Lori Johnson appeals the judgment of the Summit County Court of Pleas. For the following reasons, this Court affirms.

I.

{¶2} Ms. Johnson has a history of serious mental illness. Her current counsel was appointed in August 2017 to be her guardian by the Summit County Court of Common Pleas, Probate Division. At that time, Ms. Johnson was residing at a nursing facility. On August 21, 2018, the Department of Mental Health and Addiction Services initiated a resident review in response to a prior appeal, which indicated that a new Pre-Admission Screen and Resident Review ("PASRR") assessment should be conducted and new PASRR determination issued for Ms. Johnson. Revised Code Section 5119.40(C) provides that:

Except as provided in rules adopted under division (E)(3) of this section, the department of mental health and addiction services shall review and determine for each resident of a nursing facility who is mentally ill, whether the resident, because

of the resident's physical and mental condition, requires the level of services provided by a nursing facility and whether the resident requires specialized services for mental illness. The review and determination shall be conducted in accordance with section 1919(e)(7) of the "Social Security Act" and the regulations adopted under section 1919(f)(8)(A) of the act and based on an independent physical and mental evaluation performed by a person or entity other than the department. The review and determination shall be completed promptly after a nursing facility has notified the department that there has been a significant change in the resident's mental or physical condition.

{¶3} An assessment was completed on August 23, 2018, and a decision issued the next day, denying nursing facility services for Ms. Johnson. The determination was based on findings that Ms. Johnson did not have a medical diagnosis that required 24/7 care, she did not need any physician-ordered skilled rehabilitative therapies, she did not require hands on assistance with activities of daily living, there were no safety concerns from the information provided, and no cognitive impairment was noted. It was noted that Ms. Johnson would require some supervision and that she refused to participate in the assessment.

{¶4} Ms. Johnson, through her guardian, requested a state hearing. She asserted that the assessment was contrary to the weight of the evidence, prejudicial error was committed, and there was an incorrect application of law or rule. She also argued that she was denied due process and that the laws or rules relied upon were unconstitutional as a violation of the separation of powers doctrine. Following a hearing, the hearing officer recommended that the appeal be overruled. The hearing officer's decision was subsequently found to be supported by the evidence and regulations. The recommendations were adopted, and the appeal was overruled.

{¶5} Ms. Johnson, through her guardian, then filed an administrative appeal to the Ohio Department of Job and Family Services ("ODJFS"). She asserted that the denial of services was incorrect because it relied on an incorrect application of law or rule. Specifically, she maintained that she was under the exclusive jurisdiction of the Summit County Probate Court, that the hearing

provided did not meet the requirements found in *Goldberg v. Kelly*, 397 U.S. 254 (1970), and that the relevant provisions of the Ohio Administrative Code violated the separation of powers doctrine under the Ohio Constitution. ODJFS, however, affirmed the state hearing decision.

{¶6} Ms. Johnson, through her guardian, then filed a notice of appeal in the Summit County Court of Common Pleas, Probate Division, within her guardianship case. ODJFS filed a motion to strike or dismiss the notice of appeal, asserting that the Summit County Court of Common Pleas, Probate Division, lacked jurisdiction over it. The probate division agreed and concluded that the appeal must be heard in the general division. The probate division "certifie[d] th[e] Appeal of the ODJFS administrative decision * * * to the Court of Common Pleas, General Division, together with the Notice of Appeal * * *, the Notice of Appearance * * *, and the Certification of the Record * * *, to hear and determine the action, as if commenced in such court." The matter was thus transferred to the Summit County Court of Common Pleas, General Division.

{¶7} After the matter was transferred to the general division, Ms. Johnson filed a motion to transfer the appeal back to the probate division, arguing that the general division lacked jurisdiction. Ms. Johnson argued that the issue before the court involved questions of protection and control over Ms. Johnson, and therefore, the probate division had exclusive jurisdiction. ODJFS opposed the motion, maintaining that the appeal could not be brought in the probate division as only the general division had jurisdiction. On June 5, 2020, the common pleas court denied the motion to transfer. On February 1, 2022, it affirmed ODJFS's decision. Ms. Johnson has appealed, raising three assignments of error for our review.

II.

## Standard of Review

{¶8}    This matter is an appeal from the Summit County Court of Common Pleas, which,

in turn, was taken pursuant to Section 5101.35(E).  Section 5101.35(E) provides that:

> An appellant who disagrees with an administrative appeal decision of the director
> of job and family services or the director's designee issued under division (C) of
> this section may appeal from the decision to the court of common pleas pursuant to
> section 119.12 of the Revised Code.  The appeal shall be governed by section
> 119.12 of the Revised Code except that:
>
> (1) The person may appeal to the court of common pleas of the county in which the
> person resides, or to the court of common pleas of Franklin county if the person
> does not reside in this state.
>
> (2) The person may apply to the court for designation as an indigent and, if the court
> grants this application, the appellant shall not be required to furnish the costs of the
> appeal.
>
> (3) The appellant shall mail the notice of appeal to the department of job and family
> services and file notice of appeal with the court within thirty days after the
> department mails the administrative appeal decision to the appellant.  For good
> cause shown, the court may extend the time for mailing and filing notice of appeal,
> but such time shall not exceed six months from the date the department mails the
> administrative appeal decision.  Filing notice of appeal with the court shall be the
> only act necessary to vest jurisdiction in the court.
>
> (4) The department shall be required to file a transcript of the testimony of the state
> hearing with the court only if the court orders the department to file the transcript.
> The court shall make such an order only if it finds that the department and the
> appellant are unable to stipulate to the facts of the case and that the transcript is
> essential to a determination of the appeal.  The department shall file the transcript
> not later than thirty days after the day such an order is issued.

{¶9}    Section 119.12(M) indicates that "[t]he court may affirm the order of the agency

complained of in the appeal if it finds, upon consideration of the entire record and any additional

evidence the court has admitted, that the order is supported by reliable, probative, and substantial

evidence and is in accordance with law.  In the absence of this finding, it may reverse, vacate, or

modify the order or make such other ruling as is supported by reliable, probative, and substantial

evidence and is in accordance with law." In undertaking such a review, "[u]nless otherwise provided by law, * * * the court is confined to the record as certified to it by the agency. Unless otherwise provided by law, the court may grant a request for the admission of additional evidence when satisfied that the additional evidence is newly discovered and could not with reasonable diligence have been ascertained prior to the hearing before the agency." R.C. 119.12(K). "The judgment of the court shall be final and conclusive unless reversed, vacated, or modified on appeal. These appeals may be taken either by the party or the agency, shall proceed as in the case of appeals in civil actions, and shall be pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code." R.C. 119.12(N).

{¶10} Generally, "[o]ur review is even more limited than that of the court of common pleas. Unlike the court of common pleas, we do not determine the weight of the evidence. On appeal, this court will only determine if the [court of common pleas] abused its discretion." (Alteration in original.) (Internal quotations and citations omitted.) *Barr v. Lorain Cty. Dept. of Job & Family Servs.*, 9th Dist. Lorain No. 19CA011542, 2020-Ohio-4344, ¶ 7. Nonetheless, issues of law, such as those involving the interpretation of a statute, are reviewed de novo. *See Wright v. Ohio Dept. of Job & Family Servs.*, 9th Dist. Summit No. 30023, 2022-Ohio-1046, ¶ 14.

## ASSIGNMENT OF ERROR I

> DID THE SUMMIT COUNTY COMMON PLEAS COURT-GENERAL DIVISION ERR IN NOT TRANSFERRING THE APPEAL OF THE ADMINISTRATIVE HEARING TO THE SUMMIT COUNTY COMMON PLEAS COURT-PROBATE DIVISION[?]

{¶11} Ms. Johnson argues in her first assignment of error that the Summit County Court of Common Pleas, General Division, incorrectly denied her motion to transfer the matter back to the probate division. According to Ms. Johnson, the probate division had exclusive jurisdiction to hear the appeal because she is a ward of the probate court. She notes that Section 5101.35(E)

indicates that appeals from an administrative appeal decision of the director of job and family services or the director's designee under Section 5101.35(C) may be taken to the court of common pleas and that the probate division is part of the common pleas court.

{¶12} The statute governing the type of appeal at issue in this case, Section 5101.35(E), provides in relevant part:

> An appellant who disagrees with an administrative appeal decision of the director of job and family services or the director's designee issued under division (C) of this section may appeal from the decision to the court of common pleas pursuant to section 119.12 of the Revised Code. The appeal shall be governed by section 119.12 of the Revised Code except that:
>
> (1) The person may appeal to the court of common pleas of the county in which the person resides, or to the court of common pleas of Franklin county if the person does not reside in this state.

Ms. Johnson argues that the phrase "court of common pleas" includes the probate division because it is a division of the common pleas court. *See* Ohio Constitution, Article IV, Section 4(C). Although she is correct that the probate division is a division of the common pleas court, the question in this appeal is whether the general division had jurisdiction to resolve her appeal, not whether the probate division also would have had jurisdiction over it.

{¶13} According to Ms. Johnson, the probate division possessed exclusive jurisdiction over her appeal under several statutes. Section 2101.24 sets forth the jurisdiction of a probate court. It does not mention administrative appeals. In her reply brief, however, Ms. Johnson points to Sections 2101.24(A)(2) and (C), Section 2111.06, and Section 2111.13 in support of her argument. Section 2101.24(A)(2) provides that,

> [i]n addition to the exclusive jurisdiction conferred upon the probate court by division (A)(1) of this section, the probate court shall have exclusive jurisdiction over a particular subject matter if both of the following apply:
>
> (a) Another section of the Revised Code expressly confers jurisdiction over that subject matter upon the probate court.

(b) No section of the Revised Code expressly confers jurisdiction over that subject matter upon any other court or agency.

Section 5101.35(E) does not expressly mention probate courts and instead uses the phrase "court of common pleas[.]" Thus, we cannot say that Section 2101.24(A)(2) supports Ms. Johnson's argument.

{¶14} Section 2101.24(C) provides that "[t]he probate court has plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by a section of the Revised Code." Ms. Johnson argues that this statute is satisfied because she is a ward of the probate court, and no statute limits the court's power to hear the matter. The problem with Ms. Johnson's argument is that this matter involves an administrative appeal, not a guardianship proceeding, despite her attempt to frame it as such. The fact that Ms. Johnson has a guardian does not mean that any matter relating to Ms. Johnson in any capacity automatically must be heard in probate court. *See e.g. Johnson v. Abdullah*, 1st Dist. Hamilton No. C-180309, 2019-Ohio-4861, ¶ 5 (involving a guardian who brought a medical malpractice action based upon injuries of the ward in the general division). For the same reason, we reject Ms. Johnson's claim that Sections 2111.06 and 2111.13, concerning the appointment and duties of a guardian, conferred the probate division with exclusive jurisdiction over Ms. Johnson's appeal.

{¶15} Ms. Johnson also argues that, because guardianship proceedings are *in rem* and the probate division assumed jurisdiction over Ms. Johnson first, it maintained jurisdiction over her to the exclusion of the general division. The underlying matters at issue in the two cases, however, were not the same. The matter pending in the probate division was a guardianship proceeding, and the matter in the general division was an appeal of an administrative decision concerning whether Ms. Johnson met the criteria to remain in a nursing facility.

{¶16} Considering the plain language of Section 5101.35(E) and Ms. Johnson's failure to demonstrate that the probate division possessed exclusive jurisdiction to address her appeal, we conclude that Ms. Johnson has not demonstrated that the common pleas court incorrectly denied her request to transfer the appeal to the probate division. Ms. Johnson's first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

DID THE SUMMIT COUNTY COMMON PLEAS COURT-GENERAL DIVISION ERR IN ASSERTING JURISDICTION OVER LORI S[.] JOHNSON IN THE APPEAL OF THE ADMINISTRATIVE HEARING BECAUSE THE SUMMIT COMMON PLEAS COURT-PROBATE DIVISION HAS EXCLUSIVE *IN REM* JURISDICTION OVER LORI S[.] JOHNSON AS A WARD OF THAT COURT[?]

{¶17} Ms. Johnson argues in her second assignment of error that the lower court lacked jurisdiction over the appeal because the probate court possessed exclusive jurisdiction over Ms. Johnson. Ms. Johnson maintains that a magistrate's order issued in the probate court indicates that she is not to leave the nursing facility absent further order of the probate court.

{¶18} With respect to the prior order of a magistrate, which was not part of the administrative record, and therefore arguably not properly before the common pleas court, *see* R.C. 119.12(K), we cannot say that the order conferred exclusive jurisdiction to the probate court. "Proceedings in probate court are restricted to those actions permitted by statute and by the Constitution, since the probate court is a court of limited jurisdiction." *Masters v. Ohio Dept. of Medicaid*, 2d Dist. Clark No. 2022-CA-9, 2022-Ohio-3075, at ¶ 21, quoting *Corron*, 40 Ohio St.3d at syllabus[.] The magistrate's order, therefore, could not provide the basis for the probate division's jurisdiction over the appeal. Ms. Johnson has not provided us with authority that compels the conclusion that the probate division had continuing jurisdiction over her placement in

a nursing facility irrespective of whether it possessed jurisdiction to order her initial placement there.

{¶19} Ms. Johnson also points to Section 2101.24(A)(1)(r) in support of her argument that the probate division possessed exclusive jurisdiction. Section 2101.24(A)(1)(r) provides that, "[e]xcept as otherwise provided by law, the probate court has exclusive jurisdiction * * * [t]o act for and issue orders regarding wards pursuant to section 2111.50 of the Revised Code[.]" Section 2111.50 addresses a probate court's powers over guardianship. This matter does not hinge upon the probate court issuing orders concerning the powers listed in Section 2111.50. Accordingly, we cannot say that the provisions Ms. Johnson points to, on their face, support her argument that the probate division had exclusive jurisdiction over the appeal.

{¶20} Ms. Johnson also relies on the following quote from *In re Guardianship of Jadwisiak* to support her arguments: "The court having jurisdiction of the guardianship matter is superior guardian, while the guardian himself is deemed to be an officer of the court. *In re Clendenning*, 145 Ohio St. 82, 93 (1945). The state's interest in the guardianship is effectuated by the extension of the probate court's jurisdiction to all matters 'touching the guardianship.'" *In re Guardianship of Jadwisiak*, 64 Ohio St.3d 176, 180 (1992), quoting *In re Zahoransky*, 22 Ohio App.3d 75, 77 (8th Dist.1985). The facts and analysis utilized by the Supreme Court in that case, however, support the notion that the phrase "extension of the probate court's jurisdiction" means that there must be some other statute to provide the probate court with a basis of jurisdiction that could thereby be extended. *In re Guardianship of Jadwisiak* involved the settlement of a personal injury claim and the related attorney fees. *See id.* at paragraph one of the syllabus. The Supreme Court relied upon Section 2111.18 in support of the idea that the matter touched the guardianship. *See id.* at 181. In relevant part, Section 2111.18 provides that "the guardian of the estate of the

ward may adjust and settle the claim with the advice, approval, and consent of the probate court." The Supreme Court held that "that a probate court, in order to maintain control over any personal injury settlement entered into on behalf of a ward under its protection, has subject matter jurisdiction over the entire amount of settlement funds, which includes attorney fees to be drawn therefrom. * * * Without the total settlement proceeds, the probate court could not maintain control over the settlement as required by R.C. 2111.18." *In re Guardianship of Jadwisiak* at 181. Thus, the issue related to the attorney fees touched upon the guardianship because of the grant of authority provided by R.C. 2111.18. Ms. Johnson has not established that any of the statutes she has pointed to provide a basis to extend the probate court's jurisdiction to her appeal to the common pleas court.

{¶21} To the extent that Ms. Johnson reiterates arguments previously addressed above, we overrule them on the same basis. Overall, Ms. Johnson has not demonstrated that the general division lacked jurisdiction over her appeal. *See* R.C. 5101.35(E). Ms. Johnson's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

THE SUMMIT COUNTY COMMON PLEAS COURT-GENERAL DIVISION ERRED OVERRULING THE ORDER OF THE SUMMIT COUNTY COMMON PLEAS COURT-PROBATE DIVISION PLACING LORI [S.] JOHNSON BECAUSE IT LACKED THE POWER TO DO SO.

{¶22} In her third assignment of error, Ms. Johnson argues that the general division of the common pleas court lacked the power to vacate or amend the magistrate's order issued by the probate court that ordered that Ms. Johnson was not permitted to leave the nursing facility without further order of the probate court. Ms. Johnson has not established, however, that the general division of the common pleas court vacated or amended the probate court's order. Instead, it affirmed the decision of the agency that Ms. Johnson did not meet the criteria *required by law* for

her to remain at the nursing facility – a conclusion that Ms. Johnson has not challenged in this appeal. The probate court is subject to the law and could not order Ms. Johnson to remain at the nursing facility indefinitely to the extent the law provided otherwise. We concluded above that Ms. Johnson did not demonstrate that the general division of the common pleas court lacked jurisdiction over the appeal. Accordingly, we also conclude that it did not lack the power to issue its judgment. Ms. Johnson's third assignment of error is overruled.

III.

**{¶23}** Ms. Johnson's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SUTTON, P. J.
STEVENSON, J.
CONCUR.

APPEARANCES:

LAWRENCE G. REINHOLD, Attorney at Law, for Appellant.

DAVE YOST, Attorney General, and REBECCA L. THOMAS, Assistant Attorney General, for Appellee.