[Cite as *Morris v. Ohio Dept. of Job & Family Servs.*, 2023-Ohio-4826.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| RICKY DEAN MORRIS | C.A. No. 30247 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| OHIO DEPARTMENT OF JOB AND FAMILY SERVICES | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO CASE No. CV-2020-03-0932 |
| Appellee | |

DECISION AND JOURNAL ENTRY

Dated: December 29, 2023

HENSAL, Judge.

{¶1}    Ricky Dean Morris appeals the judgment of the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}    In February 2017, Mr. Morris was determined to be incompetent by the Summit County Court of Common Pleas, Probate Division, and a guardian was appointed for him.  That guardian also represents Mr. Morris in this appeal and represented him in the proceedings below.

{¶3}    Mr. Morris resided in a nursing facility from September 2016 through January 2017, following his admission to an ICU after collapsing from uncontrolled diabetes.  When Mr. Morris was released in January 2017, a nurse visited him daily.  Nonetheless, only days later, Mr. Morris was again admitted to the ICU for uncontrolled diabetes.  Mr. Morris again was placed in a nursing facility in March 2017.

{¶4} On October 2, 2019, the Department of Mental Health and Addiction Services received a request for a resident review from the nursing facility where Mr. Morris resided. The application indicated that Mr. Morris suffered from serious mental illness and was required to undergo an assessment and receive a Pre-Admission Screening and Resident Review ("PASRR"). Revised Code Section 5119.40(C) provides:

> Except as provided in rules adopted under division (E)(3) of this section, the department of mental health and addiction services shall review and determine for each resident of a nursing facility who is mentally ill, whether the resident, because of the resident's physical and mental condition, requires the level of services provided by a nursing facility and whether the resident requires specialized services for mental illness. The review and determination shall be conducted in accordance with section 1919(e)(7) of the "Social Security Act" and the regulations adopted under section 1919(f)(8)(A) of the act and based on an independent physical and mental evaluation performed by a person or entity other than the department. The review and determination shall be completed promptly after a nursing facility has notified the department that there has been a significant change in the resident's mental or physical condition.

{¶5} Following a face-to-face assessment, a determination was issued, denying Mr. Morris nursing facility services. The determination concluded that Mr. Morris did not need hands-on assistance with any activities of daily living, had no physician orders for skilled rehabilitative therapies, did not require services in an inpatient psychiatric setting, and had access to community-based supports and services. It noted that, although Mr. Morris did require hands-on assistance with medication administration, that was a service that could be provided in a community setting. The report reflected that Mr. Morris desired to go home and may have developed anxiety due to his desire for a less restrictive environment. It also indicated that Mr. Morris has an unspecified intellectual disability.

{¶6} Mr. Morris requested a hearing on the determination. In his request, he included a letter from the Ohio Department of Developmental Disabilities ("DODD") titled, "Notice of Rule

Out for PASRR Further Review[.]" The letter indicates a determination was made October 23, 2019, and that:

> Federal law requires that nursing facility applicants with a developmental disability be evaluated by [DODD] before being admitted to a nursing facility. The purpose of this notice is to tell you the results of our PASRR determination.
>
> Based on the information we reviewed we have determined that you are not subject to further review by [DODD].
>
> Therefore you have met the PASRR requirements and may be admitted or continue to reside in a nursing facility.

He also included a copy of the PASRR outcome determination from the Ohio Department of Mental Health and Addiction Services.

**{¶7}** Mr. Morris argued that he almost died twice due to his inability to manage his diabetes and that he knows how to manage his diabetes, but lacks the attention span necessary to follow through with that care. Mr. Morris submitted hospital records in support of his claims.

**{¶8}** The hearing was held on November 25, 2019. In addition to the above arguments, Mr. Morris argued that his due process rights had been violated under *Goldberg v. Kelly*, 397 U.S. 254 (1970). With respect to the DODD letter, an agency representative said that DODD had received a PASRR determination request first, and the letter merely advised that Mr. Morris was not subject to DODD review. The agency representative explained that Mental Health and Addiction Services thereafter conducted its PASRR assessment and determination.

**{¶9}** The hearing officer concluded that the evidence showed that Mr. Morris was only receiving diabetes care at the nursing facility, had no orders for skilled nursing or rehabilitation, had no difficulty completing activities of daily living, was able to independently travel by bus to visit family, was not in need of inpatient psychiatric care, but did need monitoring because of his non-compliance with his insulin needs. The hearing officer recommended that the appeal be overruled. The recommendation of the hearing officer was adopted, and the appeal was overruled.

{¶10} Mr. Morris then requested an administrative appeal to the Appellee Ohio Department of Job and Family Services ("ODJFS"). Mr. Morris asserted that the decision was contrary to the weight of the evidence and relied upon an incorrect application of law or rule. Specifically, Mr. Morris argued that decisions of the United States Supreme Court overruled Ohio statutes and the administrative code. Mr. Morris also cited to several federal regulations. The ODJFS, however, affirmed the state hearing decision.

{¶11} Mr. Morris then filed a notice of appeal in the Summit County Court of Common Pleas, Probate Division. ODJFS moved to dismiss or transfer the appeal. The probate court concluded that it lacked jurisdiction over the administrative appeal and certified the appeal to the Summit County Court of Common Pleas, General Division.

{¶12} Mr. Morris next filed a motion to transfer the appeal back to the probate division, arguing that the general division lacked jurisdiction over him. Mr. Morris argued that, because the issues before the court were related to the protection and control of a ward of the probate court, jurisdiction belonged in the probate court. ODJFS opposed the motion, and the trial court denied it.

{¶13} Mr. Morris then filed a brief, arguing that (1) jurisdiction was only proper in the probate court; (2) he was not subject to a PASRR assessment by Ohio Department of Mental Health and Addiction Services because DODD had ruled him out; (3) he was a long-term resident of a nursing facility and thus could remain there; and (4) certain Ohio Administrative Code provisions were unconstitutional in that they violated the separation of powers doctrine. ODJFS filed a brief in opposition and Mr. Morris filed a reply. The court affirmed the decision of ODJFS. Mr. Morris has appealed, raising three assignments of error.

II.

**Standard of Review**

{¶14}   This matter is an appeal from the Summit County Court of Common Pleas, which,

in turn, was taken pursuant to Section 5101.35(E).  Section 5101.35(E) provides that:

> An appellant who disagrees with an administrative appeal decision of the director
> of job and family services or the director's designee issued under division (C) of
> this section may appeal from the decision to the court of common pleas pursuant to
> section 119.12 of the Revised Code.  The appeal shall be governed by section
> 119.12 of the Revised Code except that:
>
> (1) The person may appeal to the court of common pleas of the county in which the
> person resides, or to the court of common pleas of Franklin county if the person
> does not reside in this state.
>
> (2) The person may apply to the court for designation as an indigent and, if the court
> grants this application, the appellant shall not be required to furnish the costs of the
> appeal.
>
> (3) The appellant shall mail the notice of appeal to the department of job and family
> services and file notice of appeal with the court within thirty days after the
> department mails the administrative appeal decision to the appellant.  For good
> cause shown, the court may extend the time for mailing and filing notice of appeal,
> but such time shall not exceed six months from the date the department mails the
> administrative appeal decision.  Filing notice of appeal with the court shall be the
> only act necessary to vest jurisdiction in the court.
>
> (4) The department shall be required to file a transcript of the testimony of the state
> hearing with the court only if the court orders the department to file the transcript.
> The court shall make such an order only if it finds that the department and the
> appellant are unable to stipulate to the facts of the case and that the transcript is
> essential to a determination of the appeal.  The department shall file the transcript
> not later than thirty days after the day such an order is issued.

{¶15}   Section 119.12(M) indicates that "[t]he court may affirm the order of the agency

complained of in the appeal if it finds, upon consideration of the entire record and any additional

evidence the court has admitted, that the order is supported by reliable, probative, and substantial

evidence and is in accordance with law.  In the absence of this finding, it may reverse, vacate, or

modify the order or make such other ruling as is supported by reliable, probative, and substantial

evidence and is in accordance with law." In undertaking such a review, "[u]nless otherwise provided by law, * * * the court is confined to the record as certified to it by the agency. Unless otherwise provided by law, the court may grant a request for the admission of additional evidence when satisfied that the additional evidence is newly discovered and could not with reasonable diligence have been ascertained prior to the hearing before the agency." R.C. 119.12(K). "The judgment of the court shall be final and conclusive unless reversed, vacated, or modified on appeal. These appeals may be taken either by the party or the agency, shall proceed as in the case of appeals in civil actions, and shall be pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code." R.C. 119.12(N).

{¶16} Generally, "[o]ur review is even more limited than that of the court of common pleas. Unlike the court of common pleas, we do not determine the weight of the evidence. On appeal, this court will only determine if the [court of common pleas] abused its discretion." (Alteration in original.) (Internal quotations and citations omitted.) *Barr v. Lorain Cty. Dept. of Job & Family Servs.*, 9th Dist. Lorain No. 19CA011542, 2020-Ohio-4344, ¶ 7. Nonetheless, issues of law, such as those involving the interpretation of a statute, are reviewed de novo. *See Wright v. Ohio Dept. of Job & Family Servs.*, 9th Dist. Summit No. 30023, 2022-Ohio-1046, ¶ 14.

**ASSIGNMENT OF ERROR I**

> THE SUMMIT COUNTY COMMON PLEAS COURT-GENERAL DIVISION ERRED IN NOT TRANSFERRING THE APPEAL OF THE ADMINISTRATIVE HEARING TO THE SUMMIT COUNTY COMMON PLEAS COURT-PROBATE DIVISION[.]

**ASSIGNMENT OF ERROR II**

> THE SUMMIT COUNTY COMMON PLEAS COURT-GENERAL DIVISION ERRED IN ASSERTING JURISDICTION OVER [RICKY DEAN MORRIS] IN THE APPEAL OF THE ADMINISTRATIVE HEARING BECAUSE THE SUMMIT COUNTY COMMON PLEAS COURT-PROBATE DIVISION HAS

EXCLUSIVE *IN REM* JURISDICTION OVER RICKY DEAN MORRIS AS A WARD OF THAT COURT[?]

**{¶17}** Mr. Morris argues in his first assignment of error that the trial court incorrectly failed to transfer the administrative appeal to the probate court because the general division lacked jurisdiction. Mr. Morris argues in his second assignment of error that the trial court lacked jurisdiction over him because the probate court had jurisdiction over him as a ward of that court.

**{¶18}** The arguments raised by Mr. Morris are substantially the same as those raised in the first two assignments of error in the appeal of *Johnson v. Ohio Dept. of Job & Family Servs.*, 9th Dist. Summit No. 30246, 2023-Ohio-4629. While the facts of this matter are distinct from those of *Johnson*, both *Johnson* and this matter involve the same issues of law. For the same reason articulated in *Johnson*, we likewise conclude that Mr. Morris' first two assignments of error are without merit. Mr. Morris has not convinced this Court that the general division of the common pleas court lacked jurisdiction over his administrative appeal or that the probate court possessed exclusive jurisdiction over it. The authorities pointed to by Mr. Morris do not support that the probate court possessed exclusive jurisdiction.

**{¶19}** Section 5101.35(E), the statute governing the type of appeal at issue provides in relevant part:

> An appellant who disagrees with an administrative appeal decision of the director of job and family services or the director's designee issued under division (C) of this section may appeal from the decision to the court of common pleas pursuant to section 119.12 of the Revised Code. The appeal shall be governed by section 119.12 of the Revised Code except that:
>
> (1) The person may appeal to the court of common pleas of the county in which the person resides, or to the court of common pleas of Franklin county if the person does not reside in this state.

Nothing in Section 5101.35(E) evidences that this matter would be improperly brought in the general division.

{¶20} In addition, as discussed in *Johnson*, the remaining authority cited by Mr. Morris does not establish that the probate court possessed exclusive jurisdiction. *See Johnson* at ¶ 16. Because Mr. Morris raises nearly identical arguments to those raised in *Johnson*, we overrule his first two assignments of error on that basis.

## ASSIGNMENT OF ERROR III

THE SUMMIT COUNTY COMMON PLEAS COURT-GENERAL DIVISION ERRED IN NOT FINDING THAT RICKY DEAN MORRIS IS NOT SUBJECT TO PASRR ASSESSMENT BY OHIO MHAS BECAUSE HE HAS BEEN RULED OUT BY DODD[.]

{¶21} Mr. Morris asserts in his third assignment of error that the lower court erred in failing to find that he was not subject to PASRR assessment by the Ohio Department of Mental Health and Addiction Services because DODD ruled him out. We note that Mr. Morris has not engaged in an extensive analysis and instead has primarily quoted various provisions of the Ohio Administrative Code without explaining how they support his claims. While Mr. Morris cites to current and prior versions of the Ohio Administrative Code, we will focus on the versions in effect at the time of Mr. Morris' resident review.

{¶22} In support of his claim, Mr. Morris points to a letter from DODD. The letter is titled, "Notice of Rule out for PASRR Further Review[.]" The letter indicates a determination was made October 23, 2019, and that:

Federal law requires that nursing facility applicants with a developmental disability be evaluated by [DODD] before being admitted to a nursing facility. The purpose of this notice is to tell you the results of our PASRR determination.

Based on the information we reviewed we have determined that you are not subject to further review by [DODD].

Therefore you have met the PASRR requirements and may be admitted or continue to reside in a nursing facility.

**{¶23}** Mr. Morris contends that, because DODD determined he was not subject to further and review and could continue to reside in a nursing facility, the Ohio Department of Mental Health and Addiction Services was prevented from conducting its own resident review.

**{¶24}** Both the Ohio Department of Mental Health and Addiction Services and DODD are authorized to conduct resident reviews. *See* R.C. 5119.40(C) (review by the Ohio Department of Mental Health and Addiction Services concerning mental illness); R.C. 5123.021(C) (review by DODD concerning residents who are "mentally retarded"). A resident review means "means the resident review portion of the PASRR requirements mandated by section 1919(e)(7) of the Social Security Act, as in effect on February 1, 2014, which must be implemented in accordance with rules 5160-3-15.2, 5122-21-03 and 5123:2-14-01 of the Administrative Code." Former Ohio Adm.Code 5160-3-15(B)(25).

**{¶25}** Although both agencies conduct resident reviews, each agency's review is distinct. "'Resident review for serious mental illness (RR-SMI)' means the process, set forth in rule 5122-21-03 of the Administrative Code, by which the Ohio MHAS determines whether, due to the individual's physical and mental condition, an individual who is subject to resident review, and who has serious mental illness (SMI) requires the level of services provided by a nursing facility or another type of setting; or whether that individual requires specialized services for serious mental illness." Former Ohio Adm.Code 5160-3-15(B)(29). Whereas "'[r]esident review for developmental disabilities (RR-DD)' means the process, set forth in rule 5123:2-14-01 of the Administrative Code, by which the DODD determines whether, due to the individual's physical and mental condition, an individual who is subject to resident review, and who has a developmental disability requires the level of services provided by a nursing facility or another type of setting;

and, whether the individual requires specialized services for a developmental disability." Former Ohio Adm.Code 5160-3-15(B)(28).

{¶26} Ruled out means:

that the individual has been determined not to be subject to further review by DODD or OhioMHAS. An individual may be ruled out for further PASRR review at any point in the PASRR process. When DODD or OhioMHAS finds at any time during the evaluation that the individual being evaluated:

(a) Does not have a developmental disability or SMI; or

(b) Has a primary diagnosis of dementia (including alzheimer's disease or a related disorder); or

(c) Has a non-primary diagnosis of dementia without a primary diagnosis that is serious mental illness, and does not have a diagnosis of a developmental disability or a related condition.

Former Ohio Adm.Code 5160-3-15(B)(30). Nothing in the foregoing section indicates that the Ohio Department of Mental Health and Addiction Services may not conduct a resident review if DODD conducts a review and rules an individual out.

{¶27} Mr. Morris points to the current version of Ohio Administrative Code 5160-3-15.1(D)(5) in support of his argument. It provides that "[a]ny individual who has been determined by DODD or OhioMHAS to be ruled out, in accordance with rules 5122-21-03 and 5123-14-01 of the Administrative Code as defined in rule 5160-3-15 of the Administrative Code, is not subject to further PASRR review." Ohio Adm.Code 5160-3-15.1(D)(5). That version of the provision was not in effect at the time of Mr. Morris' review, however, and the version that was in effect in October 2019 does not address this issue. *See* former Ohio Adm.Code 5160-3-15.1(D)(5). Thus, it cannot support Mr. Morris' argument. Moreover, the current version does not address Mr. Morris' resident review. Ohio Administrative Code 5160-3-15.1 deals with preadmission screening requirements. The current version indicates that

> [t]he purpose of this rule is to set forth the level I and level II preadmission screening requirements pursuant to section 1919(e)(7) of the Social Security Act, as in effect July 1, 2019, to ensure that individuals seeking admission, as defined in rule 5160-3-15 of the Administrative Code, to a medicaid-certified nursing facility (NF) who have serious mental illness (SMI) and/or a developmental disability (DD) as defined in rules 5122-21-03 and 5123-14-01 of the Administrative Code are identified and not admitted to a NF unless a thorough evaluation indicates that such placement is appropriate and adequate services will be provided regardless of payor source.

Ohio Adm.Code 5160-3-1-15.1(A). Accordingly, even if the section Mr. Morris cited was in effect at the time of his resident review, the provision does not relate to resident reviews, it addresses preadmission screenings.

{¶28} Instead, Ohio Administrative Code 5160-3-15.2 addresses resident review requirements. Former Ohio Administrative Code 5160-3-15.2(D)(8) provided that "[a]ny individual twenty-two years of age or older, who has previously been determined by DODD to be ruled out from PAS as defined in rule 5160-3-15 of the Administrative Code is not subject to further review." Although this provision might appear to support Mr. Morris' claim at first glance, a close reading demonstrates that it does not. The provision indicates that a determination from DODD that an individual twenty-two years or older is ruled out from "PAS[,]" or preadmission screening, means that the individual is not subject to further review. Mr. Morris, however, was not ruled out from preadmission screening. Thus, this provision is also inapplicable.

{¶29} Overall, we conclude that Mr. Morris has not met his burden on appeal to demonstrate that the Ohio Department of Mental Health and Addiction Services was prohibited from conducting a resident review based upon DODD's determination that he was not subject to further review by DODD. Mr. Morris' third assignment of error is overruled.

III.

**{¶30}** Mr. Morris' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SUTTON, P. J.
STEVENSON, J.
CONCUR.

APPEARANCES:

LAWRENCE G. REINHOLD, Attorney at Law, for Appellant.

DAVE YOST, Attorney General, and REBECCA L. THOMAS, Assistant Attorney General, for Appellee.